UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORI K. HUMMELDORF and PAUL HUMMELDORF, her husband,<br><br>Plaintiffs,<br><br>vs.<br><br>SCHERING CORPORATION and SCHERING-PLOUGH CORPORATION,<br><br>Defendants. | Civil Action No. 02-2169 (KSH)<br><br>**ORDER ON PENDING SUMMARY JUDGMENT MOTION** |

**KATHARINE S. HAYDEN, U.S.D.J.**

  Lori K. Hummeldorf ("Hummeldorf" or "plaintiff") and her husband Paul (since dismissed by stipulation of the parties) brought suit against Schering Corporation and Schering-Plough Corporation (collectively "Schering" or "defendants") on May 6, 2002 in the District of New Jersey, citing to this Court's diversity jurisdiction. Plaintiff alleges that her mother, Daisy Schmitz, ingested the drug Dienestrol ("DEN"), a synthetic estrogen, in 1969 - 70 while she was pregnant with plaintiff. DEN is a chemical cousin of the more widely-known synthetic estrogen, diethylstilbestrol ("DES"). Plaintiff claims that as a result of her prenatal exposure to DEN, she suffered uterine and cervical malformations resulting in multiple miscarriages and

infertility. Plaintiff alleges that the DEN her mother ingested was manufactured by White Laboratories ("White"). Defendants are the successors to White. The complaint sounds in negligence, strict liability, breach of implied and express warranties, misrepresentation, loss of consortium (since dismissed), and punitive damages.

Before the Court is defendants' motion for summary judgment, which argues that plaintiff has failed to adduce sufficient proof to go to the jury on the following issues: (1) Whether the plaintiff was exposed *in utero* to defendants' DEN; (2) If plaintiff was exposed to defendants' DEN, whether defendants were aware of DEN's dangerous propensities such that a "failure to warn" claim can stand; (3) If plaintiff was exposed to defendants' DEN, and if defendants were aware of DEN's dangerous propensities such that a "failure to warn" claim can stand, was such "failure to warn" the proximate cause of plaintiff's injuries. Defendants argue further that should the Court determine that plaintiff has adduced a sufficient quantum of proof on the foregoing to survive summary judgment, then the record demonstrates that her treating doctor prescribed it for "off-label" use in a manner that exculpates them from liability; that plaintiff's claim for punitive damages must be dismissed because defendants were in compliance with FDA regulations; and that at the least, plaintiff's implied warranty claim must be dismissed because it is subsumed by the applicable statutory provisions on products liability litigation.

Defendants take the position that Ohio law controls in this diversity case, but they furnish authority from both New Jersey and Ohio on the basis that New Jersey law "equally supports defendants' arguments for dismissal." (Defendants' Moving Brief at 9.) Plaintiff takes no position on what law applies and uses cases from both jurisdictions. Plaintiff does not address punitive damages directly, nor is it clear that plaintiff is invoking the New Jersey Product

Liability Act, N.J.S.A. 2A:58C-1 *et seq.*, in filing this lawsuit. The docket does not indicate that a Final Pretrial Order has been filed by the parties, or what *in limine* motions are contemplated, albeit defendants make the argument that plaintiff's evidence on product identification may be inadmissible.

      The Court has attempted to address the issues raised on this motion on the merits. The parties' failure fully to brief the issue of choice of law and the incomplete presentation of the evidentiary and damages issues, however, are troubling. Fairness requires that the movant on a dispositive motion like this take a position on choice of law and that the plaintiff respond to arguments about the availability of punitive damages and dismissal of common law counts in the complaint. Put gently, the Court is surprised that in a case like this, more focused and helpful briefs were not presented.

      **IT IS** on this 30th day of December, 2005 **ORDERED** that defendants' motion for summary judgment (#15) is **DENIED** in its entirety without prejudice. The parties are directed to appear for a status conference with the undersigned on January 11, 2006 at 4:00 p.m., during which a supplemental briefing schedule can be set and the plaintiff's request for an evidentiary hearing addressed. In issuing this Order, the Court expresses no opinion on the merits of the defendants' motion; rather, the Court would like to <u>reach</u> an opinion with all the issues defined and addressed.

                                                  /s/   Katharine S. Hayden
                                                  KATHARINE S. HAYDEN, U.S.D.J.